UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RONALD BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-00342-WTL-WGH |
| | ) | |
| CARL BRIZZY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Dismissing Action**

**I.**

The plaintiff Ronald Baxter, a state prisoner, seeks damages from the former Marion County Prosecuting Attorney because that official allegedly provided the plaintiff's photograph to television stations without his consent for a story on June 17, 2010, saying the plaintiff was wanted by child support authorities for delinquent child support payments at a time when his wages were being garnished for child support.

Because Baxter is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, A[a] complaint must always . . . allege ≿enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The plausibility requirement of Rule 8(a)(2) is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008). One such circumstance, though infrequent, occurs where a complaint shows on its face that the claim is barred by the applicable statute of limitations.

The claim here is asserted pursuant to 42 U.S.C. § 1983. A suit under ' 1983 must be filed within the time allowed by state law for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261 (1985). In Indiana, that period is two (2) years. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE ' 34-1-2-2) applies to ' 1983 claims.") (citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)).

The plaintiff's claim accrued on June 17, 2010. Applying the prison mailbox rule, see *Houston v. Lack,* 487 U.S. 266, 275-76 (1988), this action can be considered to have been filed on November 16, 2012, the date the plaintiff signed the complaint. This was five months beyond the expiration of Indiana=s 2-year statute of limitations.

Although the expiration of the statute of limitations is an affirmative defense, reliance on such barrier is appropriate in circumstances such as those presented by the complaint because when a plaintiff Apleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court.@ *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

## II.

### A.

District judges have discretion to invoke a statute of limitations *sua sponte* if the defense is apparent from the complaint or another document in the court's files. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). That is the case here, and for the reasons explained in Part I of this Entry, the amended complaint fails to state a claim upon which relief may be granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

### B.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/20/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ronald Baxter, Jr.
Reg. No. 220428
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 4613